### REINIGER v. BARRIE et al.

(Circuit Court, E. D. Pennsylvania. January 7, 1908.)

#### No. 68.

PARTNERSHIP—ASSOCIATES WHO ARE NOT IN FACT PARTNERS—LIABILITY TO THIRD PERSONS WHO KNOW THE FACTS.

An owner of an undivided interest in property who with the other owners transacted business with reference to such property under a company name, where there was in fact no partnership between them, cannot be held liable as a partner on a note given by the others in the name of such company, but for which he refused to assume personal liability, to one who had been their legal adviser, and was fully acquainted with all the facts as to their relationship.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 52.]

At Law. On motion for new trial.

Bamberger, Levi & Mandel, for plaintiff.

Wm. Y. C. Anderson and Wm. Jay Turner, for defendant George Barrie.

HOLLAND, District Judge. This is a suit on a note for $3,500, dated December 10, 1903, against George Barrie as surviving partner of Ernest B. Denison, John Harvey Curtis, and William Wright, copartners, formerly trading as the Pennsylvania-Kansas Improvement Company. The note was signed:

"Pennsylvania, Kansas Improvement Company, by William Wright, Vice President, and by Ernest B. Denison and John Harvey Curtis."

George Barrie, who resides in Philadelphia, refused to sign the note, but the plaintiff seeks to hold him as a partner with the parties signing it. Denison and Curtis were interested as owners in coal and oil lands

and leases in Kansas. Wright was also interested in the same kind of property, and both these parties had offices in Chicago. In April, 1902, the plaintiff went into the employment of William Wright, who was then doing business as William Wright & Co., 604 Chamber of Commerce Building, Chicago, at a salary of $1,200 per year. About this time Wright, Denison, and Curtis all became interested in several enterprises, and among them the Pennsylvania-Kansas Improvement Company, of which the plaintiff was made the secretary and treasurer, and at the same time became the legal adviser of these parties in all their "several concerns." The plaintiff, 73 years of age, is an experienced lawyer, had been a judge in the state of Iowa for 15 years, a state senator for 8 years, and at the time of his employment by Wright, because of his experience in law, was to act as counsel for them in all matters of law pertaining to the management of their investments. Barrie became the owner of a one-fourth interest in the Kansas investments in the spring of 1903, and subsequently met Wright, Denison, and Curtis a number of times at the various offices of these parties. These parties were not partners in fact. They were one-fourth owners of the properties and leases owned by the four persons named, and the plaintiff, who was their counsel, knew all this, and knew that this relation never changed. The plaintiff prepared papers to incorporate the Pennsylvania-Kansas Improvement Company under the laws of the state of Kansas, but was subsequently abandoned, for the reason that the laws of that state held the incorporators liable to an additional amount equal to the capital stock. The defendant Barrie, however, who had taken a conveyance of a one-fourth interest in the properties, was under the impression that the incorporation had been effected, and he was acting as president.

In the fall of 1903 Wright, Denison, and Curtis induced the plaintiff to loan them $3,500. He was to receive certain collateral, and, in addition, requested that the four parties should sign the note in order to make them individually liable, and, in order to secure the signature of Barrie, who lived in Philadelphia, the following telegram was sent:

"Chicago, Ills., Dec. 3.

"George Barrie, 1313 Walnut St., Phila., Pa. Can relieve present strain by getting funds from Reiniger on the note of Penn Kaan so signed by Wright Denison & Curtis only provided we get your approval of our action. No endorsement by you necessary. Denison & Curtis secure him personally by putting up one half their interest in oil and get money until April first kindly wire us your approval on receipt of this.　·　　　　　　Denison & Curtis."

The defendant Barrie, under the impression he was president of a corporation, replied by wire on December 4, 1903, as follows:

"Dec. 4, 1903.

"Denison & Curtis, 735 Stock Exchange Building, Chicago, Illinois. As an officer of the Penn Kan, I approve of loan, but will assume no personal responsibility of any kind.

"[Charge.]　　　　　　　　　　　　　　　　　　　Geo. Barrie"

On December 7th, after he had sent his telegram in regard to the note, he received information that the corporation had not been effected, and that the plaintiff, Judge Reiniger, was of opinion that they could be held as partners. This was the first intimation he had of any

such supposed liability, and on December 11th Judge Reiniger, over his own signature, wrote the defendant:

"At the request of William Wright, I write you in reference to the present status of the Penn-Kan-Company, and would say that, as the company was not incorporated, it is my judgment that in law it would be held as a copartnership and that each member will be liable to third parties as a copartner no matter what the private understanding may be between the parties, as to all matters within the legitimate scope of the business undertaken by the company."

On December 18th the plaintiff again wrote defendant:

"I agreed to loan the Penn-Kan-Co. $3500.00 if you and Wright would approve of it, and C. & D. showed me a telegram from you approving the loan officially and with Wright's approval I made the loan, and the amount was placed to the credit of the Penn-Kan-Co."

It is clear the plaintiff was fully aware of the fact that no copartnership actually existed between these parties. He was a skillful lawyer, acting as their private counsel in all their transactions, and was fully acquainted with their exact status. He knew more about the concern than the parties did themselves. When he loaned the $3,500 to the Penn-Kan-Company, he knew that they were not copartners, and had notice from the defendant that he would not be personally responsible. The defendant, however, supposing that he was the president of a corporation, sent his approval officially. So that the plaintiff knew more of the facts than the defendant Barrie, and it cannot be said that he was deceived in any manner whatsoever as to the relationship of Barrie to the other three parties.

Confiding in the legal advice of Judge Reiniger, the plaintiff, that the four owners of this Kansas property could be held as partners, Barrie, the defendant, who was one of them, subsequently endeavored to extricate himself from such a legal liability, and in a number of documents drawn by Judge Reiniger, and some by other parties, the defendant with the other owners of the properties were named as members of a partnership. During all this time Judge Reiniger was aware that as a matter of fact no partnership existed; and he cannot now hold them to be partners simply because he knew and advised them that they were liable as partners to other parties who were not as fully informed of the actual facts as the plaintiff. He has not been deceived either by any innocent or intentional act on the part of the defendant as to the relationship existing between the parties who owned the Kansas leases and property.

There is no case cited, and I take it that none can be found, where it is held that a number of persons, who associate themselves together as owners of property in fee simple and who are not partners in fact, can be held as such by one with whom they transact some business who has been their legal adviser and fully acquainted with all the facts as to their relationship. In the cases cited by the plaintiff's counsel where persons, not partners in fact, but who have associated themselves together in the transaction of some business under a name in which they intend to be incorporated, or in the name of the parties themselves, have been held liable as partners to third parties, there has been a failure to properly inform the third party as to the exact status and to

some extent he has been misled. In all such cases, of course, the parties are held liable as partners, but not so where a person knew the exact relation, and especially where he acted as counsel for the party whom he subsequently seeks to hold as a partner. At the trial of the case, after hearing all the evidence both for the plaintiff and defendant, the jury was instructed:

"That under the facts in this case there is not sufficient evidence to establish that the defendant Barrie was a partner and liable on this note, and your verdict should be for the defendant."

Thereupon a motion for a new trial was filed, and the direction of the court assigned as a reason therefor. The uncontradicted evidence clearly established that no partnership existed in fact, and this was known to the plaintiff, who was in no respect whatever misled or deceived when he took the note in question. There was therefore no question of fact as to the defendant's liability for the jury to pass upon.

Motion and reasons for a new trial are overruled, and a new trial refused.